CITY OF LAMAR, Appellant, v. WILLIAM E. HEWITT, Respondent.

Kansas City Court of Appeals, January 14, 1895.

1. **Municipal Corporations:** FOURTH CLASS CITY: NIGHT WATCHMAN: COMPLAINT. The charter of cities of the fourth class does not empower a night watchman to make an arrest and a complaint for resisting such officer in making an arrest which fails to allege an ordinance defining his duties, is insufficient and is properly quashed.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Edwin L. Moore* for appellant.

*Cole & Ditty* for respondent.

ELLISON, J.—This a prosecution under an ordinance of the city of Lamar, a city of the fourth class. The charge in the complaint is resistance to an officer while engaged in arresting the defendant. The officer alleged to have been resisted by defendant is alleged in the complaint to be a night watchman. Defendant moved to quash the complaint and his motion was

overruled. The trial thereupon resulted in favor of defendant and the city appeals.

The charter of cities of the fourth class (article 5, chapter 30, Revised Statutes, 1889) does not empower a night watchman to make an arrest. Section 1652 of the statute provides that the "duties, powers and privileges of all officers of every character in any way connected with the city government, not herein defined, shall be defined by ordinance." The complaint in this case fails to allege the ordinance defining the duties of a night watchman; or that any duties were defined by any ordinance. This was sufficient to justify the judgment discharging the defendant and makes it unnecessary to examine the complaints in plaintiff's appeal. We will therefore affirm the judgment. All concur.